BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
ERIC KAUFMAN-COHEN
Attorney in Charge
SUSAN F. SHAPIRO
Trial Attorney
KYLE FRALICK
Trial Attorney
U.S. Department of Justice
Civil Division, Torts Branch
West Coast Office
450 Golden Gate Avenue, Room 7-5395
P.O. Box 36028
San Francisco, CA  94102
Telephone: (415) 436-6638
Facsimile: (415) 436-6632
E-mail: Eric.Kaufman-Cohen@usdoj.gov
         Susan.F.Shapiro@usdoj.gov
         Kyle.Fralick@usdoj.gov

Attorneys for Plaintiff United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 3:24-cv-909 |
| Plaintiff, | IN ADMIRALTY |
| v. | VERIFIED COMPLAINT |
| THE ESTATE OF CHRISTIAN LINT, *in personam*, | |
| Defendant(s). | |

Plaintiff, the United States of America, alleges upon information and belief as follows:

**GENERAL ALLEGATIONS**

Verified Complaint                                  1

1. This is a case of admiralty and maritime jurisdiction against Defendant THE ESTATE OF CHRISTIAN LINT, *in personam*, as hereinafter more fully appears, and within Rule 9(h) of the Federal Rules of Civil Procedure.

2. The United States is authorized to bring this suit pursuant to 28 U.S.C. § 1345, 33 U.S.C. §§ 1321 and 2717.

3. The United States expressly reserves the right to amend this Complaint to include, *inter alia*, adding additional claims, damages, and additional parties.

4. Venue is properly in this Court pursuant to, *inter alia*, 28 U.S.C. § 1391 and 33 U.S.C. § 2717.

5. The United States also brings this action on behalf of the Oil Spill Liability Trust Fund ("Fund"), pursuant to the Oil Pollution Act of 1990, 33 U.S.C. § 2701 *et seq*. ("OPA"), to recover any and all removal costs and damages incurred directly by the Fund, any removal costs and damages incurred by the Fund through compensation paid to any claimant, and all costs incurred by the Fund by reason of any such claims, including interest, prejudgment interest, adjudicative costs, and attorney's fees. Pursuant to the Oil Pollution Act of 1990, 33 U.S.C. § 2712(f), the United States has acquired by subrogation, or may in the future acquire by subrogation, the rights of any claimant or State paid compensation from the Fund, and the United States specifically reserves the right to amend this Verified Complaint to assert any or all such subrogated rights and claims.

6. Pursuant to the Clean Water Act, Sections 311(f)(4) and (5), 33 U.S.C. § 1321(f)(4) and (5), the owner or operator of a vessel is liable for costs or expenses incurred by the United States in the restoration or replacement of natural resources damaged or destroyed as

a result of the discharge of oil or a hazardous substance in violation of Section 311(b) of the CWA, 33 U.S.C. § 1321(b).

7. At all times material herein, THE ESTATE OF CHRISTIAN LINT is in probate under the supervision of Multnomah County Circuit Court (Case No. 23PB01791).

8. At all times material herein, CHRISTIAN LINT ("LINT") owned the 98' wood-hulled vessel FERRY TOURIST II ("TOURIST II").

9. At all times material herein, LINT operated the TOURIST II.

10. At all times material herein, LINT managed the TOURIST II.

11. At all times material herein, LINT controlled the TOURIST II.

12. At all times material herein, and by reason of the matters alleged in this Complaint, LINT is a "responsible party" within the meaning of the Oil Pollution Act of 1990, 33 U.S.C. § 2701, *et seq*.

13. At all material times the TOURIST II was a vessel within the meaning of, *inter alia*, OPA, 33 U.S.C. § 2701(37).

## INCIDENT AND REMOVAL ACTION

14. On July 28, 2022, at approximately 1:00 p.m., the United States Coast Guard ("USCG") Sector Columbia River Incident Management Division received several reports of the TOURIST II taking on water and releasing diesel oil into the Columbia River at the 6th St. Pier in downtown Astoria, Oregon. USCG issued a Notice of Federal Interest to LINT enroute. Upon arrival at the scene, USCG detected the smell of diesel and found the TOURIST II partially sunken and capsized. USCG deployed hard boom around the TOURIST II to contain discharged oil. USCG, operating under the authority of the Federal On Scene Coordinator ("FOSC"), issued

a Notice of Federal Assumption to LINT and opened the Oil Spill Liability Trust Fund to fund removal actions for the incident.

15. The FOSC engaged Global Diving & Salvage ("Global") to support response operations and conduct an initial diving assessment of the TOURIST II on July 29, 2022.

16. Over the next several days, the FOSC developed a plan to use a crane barge to raise and rotate the TOURIST II to access the fuel tanks for oil removal. Sorbent boom was deployed multiple times during this time to absorb the continuing discharges of diesel oil.

17. On August 3, 2022, divers conducting an underwater assessment observed significant damage to the starboard side and stern of TOURIST II's hull. Based on the structural instability of the ferry, the FOSC discontinued plans for crane operations and adopted an alternative approach to access the TOURIST II's fuel tanks through a penetration dive.

18. On August 4, 2022, divers successfully accessed the TOURIST II's fuel tanks and pumped out the remaining fuel onboard.

19. An estimated 525 gallons of oil was recovered from the TOURIST II with the use of sorbent boom and active pumping.

20. Continued diesel sheens from TOURIST II were observed, and after five straight days without visible oil sheening, the FOSC ordered the removal of all boom on August 15, 2022. On August 19, 2022, the FOSC demobilized the response and closed the Oil Spill Liability Trust Fund for the incident. The FOSC handed possession of the TOURIST II over to the State of Oregon, who completed operations to salvage and remove the TOURIST II from the Columbia River under their own authority on August 26, 2022.

21. LINT died on or about August 30, 2022.

22. On March 21, 2024, the USCG National Pollution Funds Center ("NPFC") case officer sent the previously issued Notice of Federal Interest and Notice of Federal Assumption, a Federal Debt Priority Letter, and a bill to Robert Lint, personal representative of THE ESTATE OF CHRISTIAN LINT, and the probate court in Multnomah County.

23. To date, the United States has incurred $204,982.86 in response costs directly related to the pollution incident that is the subject of this Complaint. The United States may sustain "damages," within the meaning of OPA Section 1002(b)(2), 33 U.S.C. § 2702(b)(2), for, inter alia, injuries to, destruction of, loss of, or loss of use of natural resources, damages for injury to real or personal property, loss of profits and earning capacity, loss of subsistence use, and net loss of taxes, royalties, rents, fees, and net profit shares due to the injury to, destruction of, and loss of real property, personal property, and natural resources. The United States may incur costs or expenses in the restoration or replacement of natural resources damaged or destroyed as a result of the discharge of oil or a hazardous substance in violation of Section 311(b) of the CWA, 33 U.S.C. § 1321(b). The United States reserves the right to amend this Complaint to add additional costs should such amendment be warranted.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST
THE ESTATE OF CHRISTIAN LINT
(OIL POLLUTION ACT OF 1990)**

24. Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

25. Pursuant to the Oil Pollution Act of 1990, each responsible party for a vessel from which oil is discharged, or which poses the substantial threat of discharge, into or upon the navigable waters or adjoining shorelines or the exclusive economic zone of the United States, is strictly liable for all costs, damages, and/or disbursements specified in the Act.

26. Under the circumstances herein, Defendant ESTATE OF CHRISTIAN LINT is liable to the United States of America for all such costs, damages, interest, and/or disbursements, in addition to statutory attorneys' fees allowed under OPA, as a result of the matters alleged herein.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST
THE ESTATE OF CHRISTIAN LINT
(OIL POLLUTION ACT OF 1990)**

27. Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

28. Pursuant to the Oil Pollution Act of 1990, the Fund shall be subrogated to all rights, claims, and causes of action of claimants to whom it has paid compensation.

29. As a result of the OPA incident described herein, the Fund may incur costs, damages, and/or disbursements by reason of claims for removal costs and damages brought against it under the OPA.

30. Pursuant to the Oil Pollution Act, Defendant ESTATE OF CHRISTIAN LINT is liable to the United States of America for all such costs, damages, and/or disbursements which may be sustained by the Fund, in addition to statutory attorneys' fees allowed under OPA, as a result of the matters alleged herein.

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST
THE ESTATE OF CHRISTIAN LINT
(OIL POLLUTION ACT OF 1990)**

31. Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

32. Pursuant to the Oil Pollution Act of 1990, the United States is entitled to, and hereby seeks, a declaratory judgment that is binding in any subsequent action or actions against

Defendant THE ESTATE OF CHRISTIAN LINT that said defendant liable for removal costs and damages in any such subsequent action or actions associated with this incident.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST
### THE ESTATE OF CHRISTIAN LINT
### (DECLARATORY JUDGEMENT)

33. Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

34. The United States may sustain "damages," as that term is defined in 33 U.S.C. § 2702(b)(2), for, inter alia, injuries to, destruction of, loss of, or loss of use of natural resources, damages for injury to real or personal property, loss of profits and earning capacity, loss of subsistence use, and net loss of taxes, royalties, rents, fees, and net profit shares due to the injury to, destruction of, and loss of real property, personal property, and natural resources.

35. An actual controversy exists between the United States and Defendant THE ESTATE OF CHRISTIAN LINT.

36. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, and the OPA, 33 U.S.C. §§ 2702(a), 2704(c)(3), 2705, and 2717(f), the United States is entitled to, and hereby seeks, a declaratory judgment, that is binding in any subsequent action or actions against Defendant, that Defendant is liable for any removal costs or damages resulting from the TOURIST II Oil Discharge that are demonstrated in any such subsequent action or actions.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST
### THE ESTATE OF CHRISTIAN LINT
### (28 U.S.C. § 3001, *et seq*.)

37. Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

38. Despite the liability, including strict liability, of Defendant to the United States, all as alleged in this verified Complaint, Defendant in breach of law, including, but not limited to, in violation of the provisions of the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., has, *inter alia*, instead of discharging debts owed to the United States, transferred, sold, spun off, and assigned assets so as to prejudice and cause irreparable harm to the United States.

39. Despite the liability, including strict liability, of Defendant to the United States, all as alleged in this verified Complaint, Defendant, in breach of law, may hereafter transfer, sell, spin off, and assign, or attempt to transfer, sell, spin off, and assign their assets, including real property, so as to prejudice and cause irreparable harm to the United States.

40. All such future actions as alleged in the foregoing paragraphs will continue to cause irreparable harm to the United States. As a result of the foregoing, Defendant THE ESTATE OF CHRISTIAN LINT shall, pursuant to law and statute, be enjoined from further transferring, selling, spinning off, and assigning, or attempting to transfer, sell, spin off, and assign, their assets, including real property, so as to prejudice and cause irreparable harm to the United States.

**AS AND FOR A SIXTH CAUSE OF ACTION AGAINST
THE ESTATE OF CHRISTIAN LINT
(PRIORITY OF GOVERNMENT CLAIMS, 31 U.S.C. § 3713)**

41. Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

42. Despite the liability, including strict liability, of Defendant to the United States, all as alleged in this verified Complaint, Defendant, in breach of law, has, instead of discharging

debts owed to the United States, transferred, sold, spun off, and assigned assets so as to prejudice and cause irreparable harm to the United States.

43. Despite the liability, including strict liability, of Defendant to the United States, all as alleged in this verified Complaint, Defendant, in breach of law, including, but not limited to, may hereafter transfer, sell, spin off, and assign, or attempt to transfer, sell, spin off, and assign their assets, including proceeds of insurance, so as to prejudice and cause irreparable harm to the United States.

44. All such prior and future actions as alleged in the foregoing paragraphs have caused damages, and will cause damages, to the United States in an amount to be established according to proof at trial.

45. All such future actions as alleged in the foregoing paragraphs will continue to cause irreparable harm to the United States. Pursuant to law and statute, Defendant and its officers, servants, employees, representatives, agents, fiduciaries, or other individuals and entities acting on its behalf or with its authorization, are required to discharge their foregoing debt to the United States prior to discharging any other debt or payment.

46. To the extent that Defendant, and/or its officers, servants, employees, representatives, agents, fiduciaries, or other individuals and entities acting on its behalf or with its authorization, has discharged claims or debts to any other person or entity other than the United States, or in the future discharge claims or debts to any person or entity other than the United States in contravention of, *inter alia*, 31 U.S.C. § 3713, Defendant, and/or its officers, servants, employees, representatives, agents, fiduciaries, or other individuals and entities acting on its behalf or with its authorization, is liable to the United States for the amount of any such payments.

47. With respect to any payments in contravention of 31 U.S.C. § 3713, and pursuant to 31 U.S.C. § 3713(b), any and all officers, servants, employees, representatives, agents, fiduciaries, or other individuals and entities making such payments are personally liable to the United States for the amount of any such payments.

48. The United States reserves the right to amend this Complaint to add additional claims, causes of action, and parties, including, but not limited to, in their individual capacity, any and all officers, servants, employees, representatives, agents, fiduciaries, or other individuals and entities who, in contravention of 31 U.S.C. § 3713(a) and (b), have already discharged, or in the future discharge, claims or debts to any person or entity other than the United States.

**WHEREFORE**, the United States of America prays as follows:

1. That United States of America be granted judgment against THE ESTATE OF CHRISTIAN LINT *in personam*, pursuant to the Complaint of the United States herein;

2. That the United States of America be granted declaratory judgment against THE ESTATE OF CHRISTIAN LINT *in personam*, for removal costs or damages binding on any subsequent action or actions to recover further removal costs or damages, plus interest, costs, disbursements, and attorneys' fees;

3. The United States expressly reserves the right to amend this Complaint to add parties and/or causes of action, as may be necessary;

///

///

4. For such other relief as the Court deems just and proper under the circumstances.

Dated: June 6, 2024

                              BRIAN M. BOYNTON
                              Principal Deputy Assistant Attorney General

                              s/Eric Kaufman-Cohen
                              ERIC KAUFMAN-COHEN
                              Attorney in Charge
                              KYLE FRALICK
                              Trial Attorney
                              SUSAN F. SHAPIRO
                              Trial Attorney
                              U.S. Department of Justice
                              Civil Division, Torts Branch

                              Attorneys for Plaintiff United States of America

## **VERIFICATION**

Eric Kaufman-Cohen says:

I am one of the attorneys for plaintiff, United States of America, herein, and make this verification by authority for and on its behalf; I have read the foregoing Complaint, know the contents thereof, and from information officially furnished to me believe the same to be true.

I verify under penalty of perjury, in accordance with 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: June 6, 2024                         s/Eric Kaufman-Cohen
                                                  ERIC KAUFMAN-COHEN